UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TERRY M. FERGUSON**                          **CIVIL ACTION**

**VERSUS**                                     **NO. 16-2521**

**JERRY GOODWIN**                              **SECTION: "F"(1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Terry M. Ferguson, is a state prisoner incarcerated at the David Wade Correctional Center in Homer, Louisiana. He was charged with and pleaded guilty to numerous offenses in the Orleans Parish Criminal District Court. On direct appeal, the Louisiana Fourth Circuit Court of Appeal concisely summarized the various offenses and dispositions:

> Ferguson was charged, in two separate bills of information, with a total of fifteen counts of theft of property valued at over $500, and one count of misapplication of funds by a contractor. The first case, … Orleans Parish CDC No. 478-091 …, consisted of three counts of theft of property valued at over $500. In pleading guilty, Ferguson admitted to stealing $55,700 from Ernestine Magee, $43,886 from Patricia Waters, and $19,012 from Lawrence Carr. The companion case, …

> Orleans Parish CDC No. 477-265 …, consisted of twelve counts of theft of property valued at over $500, and one count of misapplication of funds by a contractor. From this set of victims Ferguson admitted to stealing, respectively: $31,794 from Walter Martin and placed a $2,470.01 lien on his house; $30,000 from Katherine Abrams and placed a $3,763.77 lien on her house; $35,000 from Beverly Martin; $33,000 from Maggie Raiford (a/k/a Maggie Rayford) and placed a $6,668 lien on her house; $21,225 from Mildred Bonner; $52,000 from Gilbert and Denise Collins and placed a $5,129.47 lien on their house; $30,600 from Troy Holmes and Lintrell Phillips and placed a $2,015.09 lien on the house; $17,000 from Jacqueline Muse; $33,788 from Marlin Johnson; $40,000 from Kirk Robinson; $12,750 from Arylus Scott Slush; $17,000 from Pamela Burkes; and $63,048 from Patricia Wexler.
> ….
> Ferguson initially pled not guilty to the charges; however, after a preliminary hearing, where the district court found probable cause to sustain the charges, Ferguson elected to plead guilty as charged to all counts in each bill of information. In … Orleans Parish CDC No. 478-091 …, Ferguson was sentenced to 10 years at hard labor and assessed a $3,000 fine on each count, to be served concurrently with each other and consecutively with the sentences in case No. 477-265. As to the twelve counts of theft in … Orleans Parish CDC No. 477-265 …, he was sentenced to 10 years at hard labor and assessed a $3,000 fine on each of the counts, to be served concurrently with each other. As to the misapplication of payments by a contractor count, he was also sentenced to 18 months at hard labor, to be served consecutively with the theft sentences and the sentences imposed in case No. 478-091. In total, the court sentenced him to serve 21 ½ years of hard labor and $3,000 in fines for each of the fifteen counts of theft over $500.[1]

Petitioner appealed his sentences, and the Louisiana Fourth Circuit Court of Appeal affirmed the state district court's judgment.[2] On January 28, 2011, the Louisiana Supreme Court then denied his related writ applications.[3]

---

[1] State v. Ferguson, 43 So.3d 291, 292-93 (La. App. 4th Cir. 2010); State Rec., Vol. 3 of 5.
[2] Id.
[3] State v. Ferguson, 56 So.3d 965 (La. 2011) (2010-KO-1743); State v. Ferguson, 56 So.3d 965 (La. 2011) (2010-KO-1744); State Rec., Vol. 3 of 5.

In the interim, on September 17, 2010, petitioner filed with the state district court a "Motion to Amend Sentencing Minutes."[4] That motion was denied on October 19, 2010.[5]

On March 3, 2011, petitioner then filed with the state district court a "Motion to Correct Illegal Sentence."[6] That motion was denied on March 21, 2011.[7] He thereafter filed an application for supervisory writs with the Louisiana Fourth Circuit Court of Appeal.[8] On May 12, 2011, the Court of Appeal granted that writ application in part, holding:

> In sentencing the Relator, the district court did *not* order that his sentences were to be served without benefit of probation, parole or suspension of sentence. Thus, the district court is ordered to amend the minute entry dated September 29, 2009, to correctly reflect the sentence imposed by the district court in the sentencing transcript. In all other respects, the writ application of the Relator is denied.[9]

On May 25, 2011, the state district court amended the minute entries as directed by the Court of Appeal.[10]

After a break of several years, petitioner returned to the state district court to file two additional motions: a "Motion to Amend and Modify Sentence" on October 2, 2015,[11] which was denied on October 13, 2015;[12] and a "Motion to Correct Illegal Sentence and Conviction" on June

---

[4] State Rec., Vol. 4 of 5. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications or accompanying documents as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed.
[5] State Rec., Vol. 4 of 5, Judgment dated October 19, 2010.
[6] State Rec., Vol. 4 of 5.
[7] State Rec., Vol. 4 of 5, Judgment dated March 21, 2011.
[8] State Rec., Vol. 4 of 5.
[9] State v. Ferguson, No. 2011-K-0555 (La. App. 4th Cir. May 12, 2011); State Rec., Vol. 4 of 5.
[10] State Rec, Vol. 1 of 5, minute entry dated May 25, 2011 (Case No. 477-265); State Rec, Vol. 2 of 5, minute entry dated May 25, 2011 (Case No. 478-091).
[11] State Rec., Vol. 5 of 5.
[12] State Rec., Vol. 5 of 5, Judgment dated October 13, 2015.

8, 2016,[13] which was denied on July 8, 2016.[14]  He also filed two writ applications with the Louisiana Supreme Court, both of which that court refused to consider.[15]

In the interim, petitioner commenced the instant federal proceedings by filing an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 on March 18, 2016.[16]  In September of 2016, he filed an amended petition.[17]  In November of 2016, he then filed a motion seeking leave to withdraw his earlier filings and to file an amended application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[18]  That motion was granted,[19] and the new amended petition was filed.[20]  The state then filed a response in opposition, arguing that petitioner's application should be dismissed as untimely,[21] and petitioner thereafter filed a reply to the state's response.[22]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a limitations period for the filing of petitions seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In the instant case, petitioner contends that his application is not subject to that limitations

---

[13] State Rec., Vol. 5 of 5.
[14] State Rec., Vol. 5 of 5, Judgment dated July 8, 2016.
[15] State ex rel. Ferguson v. State, 192 So.3d 759 (La. 2016); State ex rel. Ferguson v. State, No. 2016-KH-2118, 2017 WL 343564 (La. Jan. 23, 2017).
[16] Rec. Doc. 1.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that he placed his federal application in the prison mailing system on March 18, 2016. Rec. Doc. 1, p. 9.
[17] Rec. Doc. 13.
[18] Rec. Doc. 14.  Both § 2241 and § 2254 can serve as a basis for relief for state prisoners.  However, the two sections are not interchangeable; rather, each applies in a specific situation.  Specifically, § 2254 applies when a prisoner is challenging the legality of either his underlying state conviction or sentence, whereas § 2241 applies when a prisoner is instead challenging only the manner in which prison officials are executing his sentence.  See Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995); Williams v. Cain, Civ. Action No. 14-1517, 2015 WL 4647947, at *2 (E.D. La. July 27, 2015).  In the instant action, petitioner is challenging the validity of his convictions; therefore, his case properly falls under § 2254.
[19] Rec. Doc. 15.
[20] Rec. Doc. 16.
[21] Rec. Doc. 19.
[22] Rec. Doc. 24.

period in light of the fact that he is arguing that the state court lacked subject matter jurisdiction.[23] He is wrong. "The AEDPA statute of limitations applies to *all* habeas petitions filed after the Act's effective date, April 24, 1996." Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (emphasis added). "[T]here is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction." Gladden v. Blount County, No. 2:12-cv-01936, 2013 WL 5707319, at *4 (N.D. Ala. Oct. 21, 2013); accord Smith v. Jones, No. 3:14cv195, 2015 WL 521067, at *10 (N.D. Fla. Feb. 9, 2015); Blackshear v. McDonough, No. 8:07-cv-1831, 2008 WL 2312677, at *3 (M.D. Fla. June 4, 2008).

Therefore, the AEDPA limitations period applies, and it generally requires that a petitioner bring his habeas corpus claims within one (1) year of the date on which his underlying criminal judgment becomes "final." 28 U.S.C. § 2244(d)(1)(A).[24] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

---

[23] Rec. Doc. 16, p. 13.
[24] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

Here, the Louisiana Supreme Court denied petitioner's direct-review writ applications on January 28, 2011.[25] As a result, his state criminal judgments became final for AEDPA purposes ninety days later on April 28, 2011.

Although a petitioner's federal limitations period usually commences as soon as his state criminal judgment becomes final, that did not occur in the instant case due to statutory tolling. Specifically, the AEDPA provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). When petitioner's criminal judgments became final on April 28, 2011, he had already tolled the federal limitations period by filing his "Motion to Correct Illegal Sentence" on March 3, 2011.[26] Tolling then continued uninterrupted for the duration of the post-conviction proceedings. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). Here, the state district court denied relief on March 21, 2011,[27] and the Louisiana Fourth Circuit Court of Appeal issued its related judgment on May 12, 2011.[28] Because petitioner then failed to seek further review by the Louisiana Supreme Court, tolling ceased on June 13, 2011, when his time for seeking such review expired. Id. (a state application ceases to be pending when the time for supervisory review expires).[29] As a result, petitioner's federal limitations period finally

---

[25] State v. Ferguson, 56 So.3d 965 (La. 2011) (2010-KO-1743); State v. Ferguson, 56 So.3d 965 (La. 2011) (2010-KO-1744); State Rec., Vol. 3 of 5.
[26] State Rec., Vol. 4 of 5.
[27] State Rec., Vol. 4 of 5, Judgment dated March 21, 2011.
[28] State v. Ferguson, No. 2011-K-0555 (La. App. 4th Cir. May 12, 2011); State Rec., Vol. 4 of 5.
[29] Under Louisiana law, petitioner had thirty days to seek review by the Louisiana Supreme Court. See Louisiana Supreme Court Rule X, § 5(a). However, in this case, the thirtieth day of that period fell on a Saturday, and, therefore, petitioner had until Monday, June 13, 2011, to file a Louisiana Supreme Court writ application. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

commenced on that date and expired one year later on June 13, 2012, unless that deadline was further extended through additional tolling.

Clearly, petitioner is not entitled to further statutory tolling because he had no other applications pending before the state courts on or before June 13, 2012. Although he filed post-conviction motions *after* that date, such filings after the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

The Court must also consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

By entering his unconditional guilty pleas, petitioner has already conceded under oath that he in fact committed and was guilty of the crimes of which he stands convicted.  Therefore, even if McQuiggin applies in the context of a guilty plea, petitioner would face a daunting burden to present a credible "actual innocence" claim.  Specifically, the United States Supreme Court has explained: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – *whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence* –  that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). Here, petitioner has presented no new evidence of the type or caliber referenced in Schlup. Accordingly, he has not met "the threshold requirement" for McQuiggin to apply.  McQuiggin, 133 S. Ct. at 1928.  As a result, the "actual innocence" exception does not aid him.

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence"

8

No.


exception applies, his federal application for habeas corpus relief had to be filed no later than June 13, 2012, in order to be timely.  His federal application was not filed until 2016, and, therefore, it is untimely.

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Terry M. Ferguson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[30]

New Orleans, Louisiana, this twentieth day of March, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.